**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                          |   |                          |
|--------------------------|---|--------------------------|
| ANTHONY PIERCE,          | : |                          |
|                          | : |                          |
|         Plaintiff,       | : | Civil No. 05-1861 (AET)  |
|                          | : |                          |
|         v.               | : |                          |
|                          | : |                          |
| OCEAN COUNTY, et al.,    | : |    **O P I N I O N**     |
|                          | : |                          |
|         Defendants.      | : |                          |

**APPEARANCES:**

Anthony Pierce, Pro Se
Ocean County Jail
P0821
120 Hooper Avenue
Toms River, NJ 08754

**THOMPSON, District Judge**

Plaintiff, Anthony Pierce, currently incarcerated at the Ocean County Jail, Toms River, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the following reasons, Plaintiff's complaint, as submitted, is subject to dismissal for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, the Court will grant Plaintiff leave to file an amended complaint.

## BACKGROUND

Plaintiff states only that on December 30, 2004, he was denied emergency medical treatment by defendants Manognelle and Thompson, officers of the Ocean County Jail, and that defendant Manognelle made sexual advances towards him. He also states that defendant Thompson transferred him from a bed in one wing of the jail, to another wing of the jail where he was forced to sleep on the floor. Plaintiff offers no other facts concerning these allegations, and makes no claims against defendant Ocean County. He asks for monetary and injunctive relief.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United

States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Section 1915(e)(2)(B) requires the Court to dismiss, at the earliest practicable time, any in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355

3

U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004)(stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to § 1915(e)(2));.

**B.    42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct

4

deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Are Subject to Dismissal.**

**1.   Medical Care Claim**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  See id. at 106.[1]

---

[1] It is not clear from the complaint whether the plaintiff is a pretrial detainee or a convicted but unsentenced inmate, or a convicted and sentenced inmate.  Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment and convicted prisoners are protected by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979). However, the Court of Appeals for the Third Circuit has analyzed pretrial detainees' medical care claims utilizing the Eighth Amendment standard.  See Hubbard v. Taylor, 399 F.3d 150, 166 n.22 (3d Cir. 2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003); Sylvester v. City of Newark, 120 Fed. Appx. 419 (3d Cir. 2005).

To satisfy the objective prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982),

6

aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

In the instant case, Plaintiff has not demonstrated a constitutional violation for the denial of medical care.  He asserts no facts to indicate whether or not his medical need was "serious," and has not provided enough facts for the Court to determine whether or not defendants were "deliberately indifferent" for purposes of allowing his medical care claim to proceed.  Thus, his complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

   2.   **Harassment Claim**

Plaintiff alleges that defendant Manognelle "made sexual gestures for me to suck his penis."  Generally, however, mere verbal harassment does not give rise to a constitutional violation.  See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgar language); Minifield v. Butikofer, 208 F. Supp.2d

7

900, 904 (N.D. Ca. 2004)(verbal sexual harassment insufficient to state § 1983 claim); Rivera v. Goord, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000)(verbal harassment does not violate inmate's constitutional rights); Jones v. Culinary Manager II, 30 F. Supp.2d 491, 497 (E.D. Pa. 1998)(sexual harassment can rise to level of Eighth Amendment violation if "sufficiently serious;" verbal harassment is not enough); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185 (D.N.J. 1993); Murray v. Woodburn, 809 F. Supp. 383 (E.D. Pa. 1993); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988).

Therefore, Plaintiff's claim regarding the alleged harassment by defendant Manognelle is subject to dismissal for failure to state a claim upon which relief may be granted.

### 3. Conditions of Confinement Claim

Plaintiff contends that he was forced to sleep on the floor on one occasion on December 30, 2004. He does not allege any additional facts concerning this claim.

Assuming that Plaintiff is a pretrial detainee, to analyze whether a pretrial detainee's conditions of confinement violate due process the Supreme Court has held that the proper inquiry "is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979); see also Fuentes v. Wagner, 206 F.3d 335, 342 (3d Cir. 2000). Once the Government has the authority to detain a person, however, "it

obviously is entitled to employ devices that are calculated to effectuate this detention." Id. at 537. Thus, "restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. See id. at 539 n.20. Nor are grossly exaggerated responses to genuine security considerations. See id. at 539 n.20, 561-62.

In determining whether or not a pretrial detainee has been subjected to unlawful punishment, the Court of Appeals for the Third Circuit has stated:

> Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal– if it is arbitrary or purposeless– a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Fuentes, 206 F.3d at 342 (citing Bell, 441 U.S. at 538-39).

9

In the instant case, Plaintiff does not allege facts indicating that there was an expressed intent by jail officials to punish him by forcing him to sleep on the floor on one occasion. The Court further notes that under the Eighth Amendment standards, applicable to sentenced prisoners, Plaintiff also fails to state a claim.[2]

### CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is

---

[2] To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. 25, 32 (1993)(quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. See Hudson v. McMillian, 503 U.S. 1, 9 (1992). The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994).

However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. See id. at 347.

10

conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant him leave to file an amended complaint.[3]  If Plaintiff does not file an amended complaint within forty-five days of the date of the Order accompanying this Opinion, his complaint will be dismissed, in its entirety, for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.


                                        s/Anne E. Thompson
                                    _____
                                          ANNE E. THOMPSON
                                     United States District Judge


Dated: May 16, 2005

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.